**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Terry Reagan,** | ) | **CASE NO.  1:20 CV 02305** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Encompass Solutions, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Remand (Doc. 4).  This action arises from a dispute relating to an arbitration agreement.  For the reasons that follow, this motion is DENIED.

## FACTS

Plaintiff, Terry Reagan, brought this lawsuit in the Lorain County Court of Common Pleas against defendant Encompass Solutions, Inc.  The Complaint seeks declaratory judgment and to compel arbitration between the parties.

The Complaint alleges the following.  Plaintiff is a former sales representative for defendant.  In November 2012, plaintiff signed both a letter of employment and a contractor agreement with defendant.  The letter of employment provided that defendant would pay

1

plaintiff a weekly stipend of $1,000 plus a 15% commission "upon receipt of payment" from customers secured by plaintiff.  Defendant failed to pay plaintiff  under the terms provided in both the letter of employment and contractor agreement.  Defendant also failed to provide to plaintiff a proper accounting of the payments defendant received from the customers plaintiff secured for defendant.  Plaintiff thereafter sought "compensation for unpaid commissions, fees, reimbursements, and other amounts due from [defendant] in an amount excess of $25,000.00"

The contractor agreement contains an arbitration provision which provides as follows:

> Any disputes between the Parties arising in connection with this Agreement or its implementation, including agreements between the Parties received under this Agreement in relation to specific projects will be clarified before an arbitrator mutually agreed upon between the parties.  The arbitrator's decision will be final and binding on the Parties for all purposes.  The parties hereby agree to settle their differences as [stated] above, only by way of arbitration and not to petition legal courts within their states but exhaust the arbitration procedures in accordance with the provisions of this Agreement.

Pursuant to this agreement, plaintiff demanded arbitration on July 15, 2020.  Plaintiff proposed two Ohio-based arbitrators.  On July 30, 2020, defendant informed plaintiff it would only consent to a Virginia-based arbitrator.

Plaintiff thereafter filed this Complaint in the Lorain County Court of Common Pleas on September 4, 2020.  The Complaint claims that defendant's failure to consent to an Ohio-based arbitrator violated O.R.C. § 1335.11(F)(3).

The Complaint seeks a declaration that: (1) O.R.C. § 1335.11(F)(3) gives plaintiff the right to chose an Ohio arbitrator; (2) plaintiff is permitted to select the arbitrator; and (3) O.R.C. § 2711.07 permits a party to petition a court to appoint an arbitrator.  The Complaint alternatively requests that the court appoint an Ohio-based arbitrator.

On October 12, 2020, defendant filed a Notice of Removal to this Court on the basis of

diversity jurisdiction.

This matter is before the Court on plaintiff's motion to remand.  Defendant oppose the motion.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction.  *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496-497 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory . . .").  The determination of federal jurisdiction in a diversity case is made as of the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists*. Id.* at 453-54.  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne,* 183 F.3d at 493.

### ANALYSIS

Pursuant to 28 U.S.C. § 1332, two requirements must be met in order to satisfy diversity jurisdiction: (1) diversity of citizenship between the parties and (2) an amount in controversy, exclusive of interest and costs, that exceeds $75,000.

Plaintiff moves to remand this case to the Lorain County Court of Common Pleas based solely on his assertion that the amount in controversy does not exceed $75,000.[1]  According to plaintiff, because the Complaint only seeks declaratory judgment, and not any monetary relief,

---

[1]     Plaintiff does not dispute that the parties are diverse.  In the Notice of Removal, defendant reports that it is a citizen of Delaware and Virginia and plaintiff is a citizen of Ohio.

3

the amount in controversy requirement for diversity jurisdiction is not met.

According to defendant, because the amount plaintiff is seeking in the underlying arbitration is likely greater than $75,000, the amount in controversy requirement is met.  In support, defendant has provided invoices that plaintiff issued to defendant for commissions owed to him in an amount totaling $128,020.00.

Where, as here, a complaint seeks an "unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," it is defendants' burden to show by a preponderance of the evidence that the requirement is met.  *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds in Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  In other words, a defendant must show it is more likely than not that the amount in controversy exceeds $75,000.  *Heyman v. Lincoln National Life Ins. Co.,* 781 Fed.Appx. 463, 470-471 (6th Cir. 2019).

"[W]here a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."  *Freeland v. Liberty Mutual Fire Ins. Co.,* 632 F.3d 250, 253 (6th Cir. 2011) (internal quotations omitted).  In the context of arbitration proceedings, courts have looked  to "to the amount at stake in the underlying arbitration when assessing whether diversity jurisdiction exists in a petition to compel arbitration or to appoint an arbitrator."  *Northwestern Nat. Ins. Co. v. Insco, Ltd.*, 866 F.Supp.2d 214, 219 (S.D.N.Y. 2011). *See also MJR Intern., Inc. v. American Arbitration Ass'n,* 2007 WL 1101250, *2 (S.D. Ohio 2007) ("courts have typically determined the value of a request for declaratory or injunctive relief relating to the [arbitration] proceedings by looking to the amount at stake in the arbitration

itself."), *report and recommendation adopted*, 2007 WL 2781669 (S.D. Ohio 2007); *Healthmart USA, LLC v. Directory Assistants, Inc*., 2010 WL 200802, *2 (M.D. Tenn. 2010); *Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912 (E.D. Mich. 1999); *Credit Acceptance Corporation v. Davisson*, 2008 WL 11378851, *3 (N.D. Ohio 2008) ("[I]t is well-settled that the amount in controversy in a petition to compel arbitration is the maximum value the arbitrator could award to one side or the other in the underlying dispute")

Upon review, the Court finds that defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. The underlying arbitration proceedings relate to allegations that defendant failed to pay plaintiff commission for work he conducted as a sales representative. In the Complaint, plaintiff "seeks compensation for unpaid commissions, fees, reimbursements, and other amounts due from Encompass in an amount in excess of $25,000." Defendant has provided evidence that these unpaid commissions likely total $128,020.00. *See Casias v. Wal-Mart Stores, Inc*., 695 F.3d 428, 433 (6th Cir. 2012) ("When deciding a motion to remand . . .[a court] may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties.")

Plaintiff does not deny that he sent these invoices to defendant. Rather, plaintiff argues that because he "has not made an arbitration demand yet," there is no underlying dispute for the Court to place value upon. Plaintiff's own Complaint belies this argument. Within the Complaint, plaintiff specifically alleges that he has "demanded arbitration and proposed arbitrators." To the extent that plaintiff is arguing that it is not possible to determine the value of his arbitration claim because he has not made a formal demand for a specified dollar amount, this argument is without support or merit. Defendant does not have the "daunting burden of proving,

5

to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement." *Hayes v. Equitable Energy Co.,* 266 F.3d 560, 572 (6th Cir. 2001). The invoices provided by defendant establish that, more likely than not, plaintiff will be seeking an amount greater than $75,000 in arbitration.

Plaintiff also argues that there must be a underlying court case seeking monetary relief in order for the Court to place any value on this action. In support, plaintiff relies on *E & J Gallo Winery v. Esber Bev. Co*, 2006 U.S. Dist LEXIS 3244 (N.D. Ohio 2006). In *Gallo*, the plaintiff filed a complaint for declaratory judgment, requesting that the court find that plaintiff had not violated Ohio's Alcoholic Beverages Franchise Act. *Id.* at *2. The plaintiff argued that if it could not obtain such a declaration, it "might be subject to liability" in excess of $230,000. *Id.* at *6. The court found that the amount in controversy requirement for diversity jurisdiction was not met because "there is no underlying state court lawsuit for this Court to take into consideration when placing a value on this action."[2]   *Id.* at *7.

The Court finds *Gallo* distinguishable from the facts presented here. *Gallo* did not involve a dispute over arbitration. Rather, the plaintiff was seeking declaratory judgment in order to avoid liability in future claims that did not exist at the time of removal to federal court. Here, by contrast, there was already an underlying arbitration proceeding seeking damages at the time of removal. As noted by the *Gallo* court, "the amount in controversy is measured at the time the complaint is filed." *Id.* at *8. The *Gallo* court did not find, as plaintiff suggests, that

---

[2]      The Court notes that while the court in *Gallo* found it lacked jurisdiction, it did not accompany its opinion with a judgment entry in order to dismiss the case. Instead, the court retained jurisdiction and allowed the parties to reach a settlement. *Gallo*, 2006 U.S. Dist LEXIS 3244, at *26

there *must* be an underlying lawsuit requesting monetary relief in order for a court to place value on an action seeking declaratory judgment.

In sum, the Court concludes that the amount in controversy exceeds $75,000 and, therefore, this Court has subject matter jurisdiction over this action based on diversity of citizenship.  Accordingly, the Court denies Plaintiff's Motion to Remand this matter to state court.

**<u>CONCLUSION</u>**

For the foregoing reasons, the plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan              
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/24/20