**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Terry Reagan, | ) | CASE NO.  1:20 CV 02305 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Encompass Solutions, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Court upon defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a)  (Doc. 10).  This is a diversity action arising out of an arbitration agreement. For the reasons that follow, this motion is GRANTED.

## FACTS

Written documentary evidence submitted to the Court establishes the following.  In November 2012, plaintiff Terry Reagan was hired as a sales representative for defendant Encompass Solutions, Inc.  Plaintiff signed both a letter of employment and a contractor agreement with defendant.  The contractor agreement (the "Agreement") contained an arbitration clause which provided as follows:

Arbitration  Any disputes between the Parties arising in connection with this

1

> Agreement or its implementation, including agreements between the Parties received under this Agreement in relation to specific projects will be clarified before an arbitrator mutually agreed upon between the parties. The arbitrator's decision will be final and binding on the Parties for all purposes. The parties hereby agree to settle their differences as stated above, only by way of arbitration and not to petition legal courts within their states but exhaust the arbitration procedures in accordance with the provisions of this Agreement.

The Agreement also contained the following provision:

> <u>Disputes</u>  Based on the Arbitration clause above all disputes will be resolved via means of arbitration. If either of party [sic] feels an issue has arisen of a serious nature, the offended party will notify the other party in writing. Both parties agree to attempt to use mediation as a method to resolve any disputes prior to pursuing arbitration. This includes clearly documenting issues and responses in writing, as well as allowing both parties ample opportunity to reconsider and discuss possible issue resolutions in a reasonable, timely and civilized manner. Both parties agree to put reasonable effort into resolving issues through mediation, then arbitration.
>
> However if any controversy, claim or dispute arising out of or relating to this Agreement or the relationship [is] not resolved via arbitration, either during the existence of the relationship or afterwards, between the parties hereto, their assignees, their affiliates, their attorneys, or agents, shall be litigated solely in state or federal court in the Commonwealth of Virginia, USA. Each party (1) submits to the jurisdiction of such court, (2) waves the defen[s]e of an inconvenient forum, (3) agrees that valid consent to service may be made by mailing or delivery of such service to the to the[sic] party at the party's last known address, if personal service delivery can not be easily effected, and (4) authorizes and directs the Agent to accept such service in the event that personal service delivery can not easily be effected.

The Agreement also contained a choice of law provision:

> <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Virginia without regard to conflict of law principles.

Prior to signing the Agreement, plaintiff emailed Sonia Haslam, a representative of defendant, expressing confusion over the dispute clause contained in the Agreement. He stated that he "thought we gave up on the concept of litigation and venue and waiving of defenses."

Haslam responded, noting that "there is wording right before that which says we will resolve through arbitration and both parties agree to support that." She indicated to plaintiff that she was leaving in "the legal as a failsafe, but I don't know why we would need it in light of the previous wording." Following this email exchange, plaintiff signed the Agreement.

Plaintiff discontinued working for defendant in March 2017. Plaintiff subsequently sought payment for commissions related to a contract he obtained on behalf of defendant. According to plaintiff, defendant failed to pay him commissions under the terms provided for in both the letter of employment and the Agreement.

Pursuant to the Agreement, plaintiff demanded arbitration regarding these unpaid commissions in July 2020. Plaintiff proposed two Ohio-based arbitrators. In response, defendant informed plaintiff that it would only consent to an arbitrator with a "working knowledge of Virginia law."

On September 4, 2020, plaintiff filed this Complaint in the Lorain County Court of Common Pleas seeking a declaration that: (1) O.R.C. § 1335.11(F)(3) gives plaintiff the right to choose an Ohio arbitrator; (2) plaintiff is permitted to select the arbitrator; and (3) O.R.C. § 2711.07 permits a party to petition a court to appoint an arbitrator. The Complaint alternatively requests the appointment of an Ohio-based arbitrator. On October 12, 2020, defendant filed a Notice of Removal to this Court on the basis of diversity jurisdiction.

This matter now is before the Court on defendant's Motion to Transfer Venue. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

A forum-selection clause is properly enforced through a section 1404(a) motion. *Atlantic*

*Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). 28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Normally, a court ruling on a motion to transfer brought under this provision "must evaluate both the convenience of the parties and various public interest considerations." *Atlantic Marine*, 571 U.S. at 62. The court would then "decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interests of justice." *Id.* at 63 (internal quotations omitted). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Means v. U.S. Conference of Catholic Bishops, 836 F.3d 643, 651 (6th Cir. 2016).*

However, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atlantic Marine*, 571 U.S. at 63. First, "the plaintiff's choice of forum merits no weight" because the forum-selection clause represents plaintiff's preemptive exercise of "venue privilege." *Id.* Rather, the burden shifts to the plaintiff to show why the court should not transfer the case to the agreed upon forum. *Id.* at 63-64. Second, the court "should not consider arguments about the parties' private interests." *Id.* at 64. Rather, the court should only consider arguments relating to public-interest factors. *Id.* However, because the public-interest factors "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* The plaintiff bears the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. Finally, "when a party bound by a forum-selection clause flouts its contractual obligation

4

and files suit in a different forum," the court in the contractually selected venue should not apply the law of the transferor venue. *Id.* at 64-66. Under this analysis, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id*. at 59-60.

## **ANALYSIS**

Defendant argues that the forum-selection clause contained in the Agreement is mandatory and that this dispute falls within its scope. Defendant requests that the Court transfer this case to the United States District Court for the Eastern District of Virginia, so the case may be heard in Virginia as provided for in the forum-selection clause.

Plaintiff does not dispute that the Agreement contains a forum-selection clause. However, he argues that it should not be enforced for several reasons. First, plaintiff asserts that the forum-selection clause is "inapplicable" because the parties have agreed to arbitrate all disputes. This argument is without merit. The Agreement does mandate that "all disputes will be resolved via means of arbitration." However, the Agreement additionally provides that "any controversy, claim or dispute arising out of or relating to this Agreement or the relationship not resolved via arbitration" is to be "litigated solely in state or federal court in the Commonwealth of Virginia, USA." Plaintiff, who initiated these proceedings, clearly finds the current dispute regarding the selection of an arbitrator to be a controversy unable to be resolved via arbitration. Accordingly, under the terms of the Agreement, this dispute should be litigated in Virginia.

Plaintiff next argues that the forum-selection clause is unenforceable due to misrepresentation and fraud. Plaintiff relies on the email exchange between him and Haslam in

5

support of this argument.[1]  Plaintiff maintains that based upon this email exchange, he was led "to believe the forum selection clause would not apply as the parties would arbitrate."  He asserts that this conversation "induced" him to sign the Agreement.

In determining whether a forum-selection clause is enforceable, the Sixth Circuit has articulated three factors a court must consider: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).  "The party opposing the forum[-]selection clause bears the burden of showing that the clause should not be enforced."  *Id.*  Generally, a forum-selection clause will be upheld  "unless there is a strong showing that the clause should be set aside."  *Boling v. Prospect Funding Holdings, LLC*, 771 Fed.Appx. 562, 567-568.

Upon review, the Court finds that plaintiff has not demonstrated that the forum-selection clause was obtained by fraud, duress, or other unconscionable means.  Haslam's characterization of the forum-selection clause as a "failsafe" is entirely accurate.  The forum-selection clause specifically states that in the event a dispute cannot be resolved via arbitration, the matter is to be litigated in a Virginia court.  The clause makes it clear that arbitration is the preferred method for dispute resolution, but provides the parties with a "failsafe" forum in the event they are unable to

---

[1]  The Court may consider matters outside the pleadings when a party challenges venue or jurisdiction.  *Sacklow v. Saks Incorporated,* 377 F.Supp.3d 870, 877 n.3 (M.D. Tenn 2019); *Morgantown Machine & Hydraulics of Ohio, Inc. v. American Piping Products, Inc.*, 2016 WL 705261, *2 (N.D. Ohio 2016).

settled the dispute via arbitration.  Moreover, plaintiff signed the Agreement following the email exchange.  He did not attempt to have the forum-selection clause removed or negotiate for a different forum.  Plaintiff has also presented no evidence that he was under any duress when he signed the Agreement or that he was unaware that the Agreement contained this clause when he signed it.  *See Wong*, 589 F.3d at 828 ("[W]e have upheld a forum-selection clause where the party opposing the clause failed to offer any evidence showing that it did not knowingly or willingly consent to the inclusion of the clause in the agreement.")  For these reasons, the Court finds that plaintiff has not satisfied his burden with respect to the first factor.

Under the second and third factors, plaintiff must demonstrate that (1) the Eastern District of Virginia would ineffectively or unfairly handle the suit and (2) litigating the case in Virginia would be so inconvenient that it is "unjust or unreasonable."  *Wong*, 589 F.3d at 829.  Plaintiff has not presented any argument with respect to either of these factors.  Moreover, the Court cannot find any reason that the Eastern District of Virginia would be unable to fairly adjudicate this suit.  Accordingly, the Court finds that the forum-selection clause is valid and enforceable.

Having found the forum-selection clause valid and enforceable, the Court now turns to whether transfer is appropriate under the analysis set forth in *Atlantic Marine*.  Under this rubric, the Court gives no weight to plaintiff's choice of Ohio as the forum and will not consider any arguments regarding the inconvenience of litigating this case in Virginia.  Instead, the burden is on plaintiff to "show[ ] that public-interest factors overwhelmingly disfavor a transfer."  *Atlantic*

7

*Marine*, 571 U.S. at 67.[2]

Plaintiff does not provide any argument as to why the public-interest weighs against a transfer.[3] Rather, plaintiff argues that Virginia has no connection to the dispute, noting that defendant's principle place of business is in North Carolina. However, the Agreement stipulates that Virginia law governs and plaintiff has offered no reason why this choice of law provision should not be enforced. Therefore, the public-interest factors actually weigh in favor of transfer to a court more familiar with Virginia law. Plaintiff has not met his burden of articulating why this is the exceptional case where a valid forum-selection clause should not be enforced.[4] *Atlantic Marine*, 571 U.S. 49, 59-60 ("a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases.")(internal citations omitted) Accordingly, the Court must transfer the case to the Eastern District of Virginia in accordance with the forum-selection clause.

---

[2] "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atlantic Marine,* 571 U.S. at 62 n.6 (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

[3] Instead, plaintiff argues that unless the defendant is able to show that "the interests of justice weigh in favor of transfer," his choice of forum should prevail. The Court agrees that this is accurate in situations where there is no valid forum-selection clause. *See O-Line Academy, LLC v. NBC Universal, Inc.*, 2016 WL 2997587, * 1 (N.D. Ohio 2016). However, under these circumstances, where there is a valid forum-selection clause, the burden shifts to plaintiff to show why the Court should not transfer the case to the agreed upon forum. *Atlantic Marine,* 571 U.S. at 63-64.

[4] Plaintiff argues that under the Federal Arbitration Act ("FAA"), "a petition to appoint an arbitrator is not subject to a forum[-]selection clause." Plaintiff cites no authority to support this position. Moreover, the FAA does not, as plaintiff suggests, allow a court to disregard a forum-selection clause.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) is GRANTED.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge
                                        Chief Judge

Dated: 12/14/20